# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| DAVID MICHAEL JONES, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO.: 3:08-CV-545-TLS |
| BATES, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

David Michael Jones, a prisoner currently housed at the Pendleton Correctional Facility, submitted a Complaint under 42 U.S.C. § 1983. The Court found that the Plaintiff was barred from proceeding *in forma pauperis* because he had incurred three strikes pursuant to 28 U.S.C. § 1915(g) and dismissed this case when he did not pay the filing fee. The Plaintiff appealed and the Seventh Circuit, which having clarified its holding in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007) in *Turley v. Gaetz*, 625 F.3d 1005 (7th Cir. 2010), found that the Plaintiff was not barred by § 1915(g), reversed and remanded for further proceedings. Therefore this case is now ready to be screened pursuant to 28 U.S.C. § 1915A.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts

> that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citations omitted). In explaining this standard, the Seventh Circuit has stated:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). A defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837. This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably, *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

The Plaintiff names eight defendants and alleges that they failed to protect him from attack by other inmates. He brings this action against them in their individual capacity for monetary damages and in their official capacity for injunctive relief. The Plaintiff alleges that in June 2007, he sought protective custody from Counselor Bates. He states that Counselor Bates referred the matter to Sgt. T. Hill to investigate. He makes no further allegations about Counselor Bates. Based on these allegations, he has not stated a claim that Counselor Bates was deliberately indifferent to his safety. Bates did not ignore his request for assistance. Rather, the counselor passed them along to an investigator to evaluate.

Sgt. T. Hill allegedly denied the Plaintiff's request for protective custody after having reviewed threatening letters gang members wrote to the Plaintiff. Sgt. Hill allegedly transferred the Plaintiff into a dorm with one of the gang members who sent the Plaintiff a letter. The Complaint alleges that Sgt. Hill "set [the Plaintiff] up with a knife and had another inmate attempt to jump on [him] in G-dorm" some time on or about June 2007. (ECF No. 1 at 3.) The Plaintiff makes no mention of having been injured as a result of this fight, indeed it is not even clear that there was a fight—only that the other inmate "attemp[ed] to jump on [him]." (*Id.*) Based on this Complaint, it would not be reasonable to infer that the Plaintiff suffered any actual injury as a result of these events. Because the Complaint does "not allege a failure to prevent harm, but a failure to prevent exposure to risk of harm," *Doe v. Welborn*, 110 F.3d 520, 523 (7th Cir. 1997), the Plaintiff does not state a claim against Sgt. Hill. After this incident, the Plaintiff was punished with two years in segregation. Because the Complaint makes no further mention of Sgt. Hill, it would not be reasonable to infer that Sgt. Hill had any direct involvement with the Plaintiff after the Plaintiff was sent to segregation.

While in segregation, the Plaintiff alleges that he continued to receive threats during the roughly six months before he was attacked on January 29, 2008. He does not allege that he alerted anyone to these dangers. This is in contrast with the two other occasions described in this Complaint where he requested protective custody: in June 2007 and on March 7, 2008.[1] It would not be reasonable to infer that the Plaintiff sought protective custody or that he adequately communicated with any of these defendants about the threats he received in segregation. *Cf. Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008) (noting that general requests for help and expressions of fear, even when combined with a prior attack, are insufficient to alert guards to the need for action.) Furthermore, even if he had made an adequate and specific request, it is unclear that he would have been moved because segregation already "restricted his movements and his contact with other inmates." *Becker v. Ind. State Prison*, 3:04-CV-543, 2007 WL 2710474, at *6 (N.D. Ind. Sept. 12, 2007). By his own description, the Plaintiff was attacked during his recreation time only because a non-defendant prison guard violated policy by releasing two other inmates at the same time. Therefore, there is no basis for finding that the Plaintiff has stated a claim against any of these Defendants for failure to protect him from the attack of January 29, 2008.

During the January 29, 2008, attack, two gang members stabbed the Plaintiff in the stomach and slashed his face. The Plaintiff alleges that Sgt. Wardlow saw these injuries, but took him to the hospital only after Executive Assistant Howard Morton ordered him to do so when the Plaintiff contacted Mr. Morton seeking assistance. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's

---

[1] The Plaintiff does not elaborate what his March 7, 2008, request contained, only that it was a "custody paper request" (ECF No. 1 at 4) pertaining to his protective custody request.

serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez,* 111 F.3d at 1373. Here, the knife injuries described by the Plaintiff clearly required medical attention. Therefore he has stated a claim for a denial of medical treatment against Sgt. Wardlow.

The Plaintiff states that Executive Assistant Morton ordered Investigator D. Ayres to look into the January 2008 attack. He also states that Investigator Ayres ordered Investigator Ernesfo Delao to review the protective custody request the Plaintiff filed over a month later on March 7, 2008. Though that request was denied, the Plaintiff was not attacked again. As previously explained, he thus has no claim based upon that request or its denial. *See Doe v. Welborn*, 110 F.3d 520, 523 (7th Cir. 1997).

Finally, the Plaintiff names the former commissioner of the Indiana Department of Correction and the former superintendent of the Indiana State Prison as Defendants. He does not allege that they had any personal knowledge of his case, but merely names them because they supervised the other Defendants. "The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, the Plaintiff has not stated a claim against either of these Defendants in their individual capacity for monetary damages.

The Plaintiff's injunctive relief claim is different. He seeks injunctive relief preventing his transfer back to the Indiana State Prison in Michigan City, Indiana, where he was assaulted. As more fully explained in the Seventh Circuit's ruling remanding this case, *Jones v. Morton*, 09-1365 (7th Cir. Dec. 2, 2010) [ECF No. 23], this states a claim. Therefore, The Plaintiff will be permitted to proceed on his claim for injunctive relief against the commissioner of the Indiana Department of Correction in his official capacity. Because Commissioner Donahue (who was named in the Complaint) has since left that position, pursuant to Federal Rule of Civil Procedure 25(d), the current commissioner, Bruce Lemmon, will be substituted as a party.

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against Sgt. Wardlow in his individual capacity for monetary damages for denying him medical treatment following the attack on January 29, 2008;

(2) GRANTS the Plaintiff leave to proceed against Commissioner Bruce Lemmon in his official capacity for injunctive relief preventing his transfer to the Indiana State Prison;

(3) DISMISSES all other claims;

(4) DISMISSES Counselor Bates, Executive Assistant Howard Morton, the Indiana State Prison Superintendent, Sgt. T. Hill, Investigator Ernesfo Delao, and Investigator D. Ayres;

(5) DIRECTS the Clerk, pursuant to Fed. R. Civ. P. 25(d), to substitute Commissioner Bruce Lemmon as a Defendant in place of Commissioner Donahue;

(6) DIRECTS the Clerk to transmit the summons and USM-285's for Sgt. Wardlow and Commissioner Bruce Lemmon to the United States Marshals Service along with a copy of this Order and a copy of the Complaint;

(7) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sgt. Wardlow and Commissioner Bruce Lemmon; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Wardlow and Commissioner Bruce Lemmon respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the Plaintiff been granted leave to proceed in this Screening Order.

(9) DENIES the Plaintiff's Motion to Proceed and to Set this Matter for Trial and Jury Trial [ECF No. 25] without prejudice and with leave to renew after such time as the Defendants have responded.

SO ORDERED on April 5, 2011.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION