# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| DAVID MICHAEL JONES, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 3:08-CV-545-TLS |
| BATES, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On November 25, 2008, the Plaintiff filed a Prisoner Complaint [ECF No. 1] seeking relief pursuant to 42 U.S.C. § 1983. The Court denied the Plaintiff in forma pauperis status and subsequently ordered his case dismissed for non-payment of the filing fee. After a successful appeal, the Court screened his Complaint in an Opinion and Order issued on April 5, 2011 [ECF No. 27]. This matter is now before the Court on the Plaintiff's Motion to Reconsider [ECF No. 30], which was filed on April 29, 2011.

The Court construes the Motion as a Rule 54(b) Motion to Reconsider its prejudgment interlocutory decision to dismiss certain claims and Defendants. Rule 54(b) provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A court may reconsider prejudgment interlocutory decisions at any time prior to final judgment. *In re 949 Erie St., Racine, Wis.*, 824 F.2d 538, 541 (7th Cir. 1987) (citing *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986)). Although a court may, under the "law of the case" doctrine, refuse to reconsider or reopen an issue that it has already decided in the same

case, the court has "the discretion to make a different determination of any matters that have not been taken to judgment or determined on appeal." *Percy*, 800 F.2d at 110; *see also Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000) ("Unlike the case in which a judgment is sought to be vacated, . . . a motion to reconsider a ruling is constrained only by the doctrine of the law of the case. And that doctrine is highly flexible, especially when a judge is being asked to reconsider his own ruling."). A motion to reconsider serves a limited function, and it must be based on a need to "correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quotation marks and citations omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill.1997)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *CBI Indus.*, 90 F.3d at 1270.

     The Plaintiff argues that the Court should reconsider its dismissal of Defendants Morton, Hill, Delao, and Ayres because, in his view, they are liable to him based upon him telling them that he was in danger and their refusal to place him in protective custody. As previously explained, the Plaintiff was in segregation when he was attacked and injured on January 29, 2008. Although he wanted to be moved to a different housing unit—both before and after he was placed in segregation—an inmate has no right to pick his housing assignment. While "prison officials have a duty to protect prisoners from violence at the hands of other prisoners," *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted), the Plaintiff's

placement in segregation should have accomplished that goal by restricting his contact with other inmates. As the Plaintiff described in his Complaint, the attack in segregation only occurred because a non-defendant prison guard violated policy by releasing two other inmates at the same time during his recreation time. "Prisons are dangerous places," *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991), and no system is error-free. The Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . . ." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Liability cannot be established by showing that a prison guard was negligent, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), or merely failed to act reasonably, *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Here, based on these allegations, there is not a basis for a finding that these Defendants acted unreasonably when they did not move the Plaintiff out of segregation prior his being attacked.

The Plaintiff also argues that the unknown defendant(s) should not have been dismissed from the case so that he could conduct discovery to identify them. The Complaint named only eight Defendants and did not include a "John Doe" defendant. Thus, the Court did not dismiss any "John Doe" defendant with its screening order. Nevertheless, if the Plaintiff named "John Doe" as a defendant, the Court would have dismissed that defendant because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Federal Rule of Civil Procedure 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Because the statute of limitations has already passed as to the Plaintiff's claims, even if he were to identify

"John Doe" defendants, it would be too late amend the complaint to add any person as a defendant.

The Court, being duly advised, DENIES the Plaintiff's Motion to Reconsider [ECF No. 30].

SO ORDERED on May 25, 2011.

                                       s/ Theresa L. Springmann
                                       THERESA L. SPRINGMANN
                                       UNITED STATES DISTRICT COURT
                                       FORT WAYNE DIVISION