UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID MICHAEL JONES, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 3:08-CV-545-TLS |
| BATES, *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

The Plaintiff, David Michael Jones, a prisoner proceeding pro se in this matter, is litigating two claims in this case: a claim against Sergeant Douglas Wardlow in his individual capacity for monetary damages for denying him medical treatment following an attack by other inmates on January 29, 2008; and a claim against Commissioner Bruce Lemmon in his official capacity for injunctive relief to prevent his transfer back to the Indiana State Prison where he was attacked. Those two defendants have filed a Motion for Summary Judgment [ECF No. 38] asserting that Jones did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). For the reasons stated below, the Court will grant summary judgment in favor of Commissioner Lemmon, on the Plaintiff's claim against him, and will deny summary judgment to Sergeant Wardlow, allowing the Plaintiff to move forward on his claim against Sergeant Wardlow.

**BACKGROUND**

The Plaintiff's allegations in this case are more fully developed in the Screening Order [ECF No. 27] issued in this case on April 5, 2011. A brief summary of the facts relevant to this Motion follows. In 2008, the Plaintiff was being held at the Indiana State Prison in Michigan

1

City, Indiana. He had been threatened by other inmates and was housed in segregation to protect him. On January 29, 2008, the Plaintiff was attacked by other inmates. The inmates who attacked the Plaintiff used a knife to stab him in the stomach and slash his face.

On January 30, 2008, the Plaintiff filed an Offender Informal Grievance with his Counselor, D. Bates. He wrote, "This is bullshit Mr. Bates. I am still having problem with these dudes. I was jumped on last night by dudes who were let out of their cells on my shower time and I haven't even been taken to medical or any thing. They shouldn't of been let out of their cells." (Offender Informal Grievance, ECF No. 48-1 at 2.) The remedy he suggested was: "Still need protective custody to be kept away from these people." *Id.* Counselor Bates responded, "Placed on single man rec. The medical saw you on 1-31-08[.] ISSUE RESOLVED[.]" *Id.*

**LEGAL STANDARD**

The Federal Rules of Civil Procedure state that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The motion should be granted so long as no rational fact finder could return a verdict in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Id.* at 249–50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). According to Rule 56:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

2

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, the court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). A material fact must be outcome determinative under the governing law. *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). "Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Id*.

## DISCUSSION

Failure to exhaust is an affirmative defense on which the defendants bear the burden of proof. *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011).

> The [Prison Litigation Reform Act of 1995] provides that no action shall be brought with respect to prison conditions under section 1983 until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a) . . . requires proper exhaustion; that is, the inmate must file a timely grievance utilizing the procedures and rules of the state's prison grievance process. The applicable procedural rules that a prisoner must properly exhaust are defined not by the PLRA, but by the prison grievance process itself. We have taken a strict compliance approach to exhaustion. Thus, a prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted.

*Id.* at 720–721 (quotation marks, brackets, ellipsis, and citations omitted).

Neither party disputes that the prison has a grievance system. Nor are there any genuine issues of material fact about the procedures to be followed for filing a grievance. The Defendants

3

do not dispute that the Plaintiff submitted an Offender Informal Grievance form on January 30, 2008, and received a response from Counselor Bates. Simlarly, the Plaintiff does not dispute that he did not appeal the response he received to his informal grievance by filing a formal grievance. Rather, the parties contest the legal consequences of these events.

A.  **Claim Against Defendant Sergeant Wardlow**

Counselor Bates, in his response to the Plaintiff's informal grievance, stated correctly that the Plaintiff's medical treatment problem had been resolved. The Plaintiff needed medical treatment. He filed a grievance. He received medical treatment. Thus, "he exhausted all the remedies that were available to him . . . as he filed [a] grievance[] and then received exactly what he had requested." *Thornton v. Snyder*, 428 F.3d 690, 694–695 (7th Cir. 2005). In *Thornton*, the inmate did not appeal grievance responses after obtaining relief at an initial stage of the grievance process. Thornton filed a grievance about dangerous conditions in his cell and asked to be moved. In response, he was moved. Thornton filed a grievance about the mattress in his new cell and asked for a clean mattress. In response, he was given another mattress. The court in *Thornton* explained that "[p]risoners are not required to file additional complaints or appeal favorable decisions in such cases." *Id.* at 696 (quoting *Ross v. Cnty. of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004) (abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)). As a result, the Seventh Circuit reversed the district court's grant of summary judgment and held that Thornton had exhausted his administrative remedies.

Here, there is no indication that the Plaintiff was denied medical treatment after he was seen on January 31, 2008. Because his medical issue was resolved, he had no need to appeal that portion of the response to his informal grievance. Therefore, as in *Thornton*, the Plaintiff exhausted his remedies against Sergeant Wardlow for a denial of medical treatment and the

Motion for Summary Judgment as to this claim, on the basis of a failure to exhaust administrative remedies, must be denied.

**B.     Claim Against Defendant Commissioner Lemmon**

Unlike his conclusion on the request for medical treatment, Counselor Bates's response stated incorrectly that the Plaintiff's request for protection had been resolved. The Plaintiff asked for protective custody so that he could be assigned to a different housing unit (or even a different prison) than those who wanted to harm him. He did not get what he requested. Instead he was kept in the same segregation cell DW-406. (*See* Offender Informal Greivance, ECF No. 48-1 at 2; Report of Classification Hearing, *Id.* at 6.) His placement on single man recreation was not a meaningful change (if it was a change at all) because it was during recreation on January 29, 2008, that he was attacked by other inmates who were mistakenly released from their cells at the same time that he was. Furthermore, it is clear that the Plaintiff did not believe that he had received a favorable result because he continued to seek protective custody. (Report of Classification Hearing, ECF No. 48-1 at 6.) The Plaintiff, however, failed to appeal the adverse response he received to his informal grievance as to his request for protection. The Plaintiff argues that the grievance policy does not require that he appeal. It is true that the grievance policy does not require the filing of an appeal; it only makes that opportunity available. However, 42 U.S.C. § 1997e(a) requires prisoners to exhaust all available administrative remedies—including appeals. Because the Plaintiff did not exhaust his administrative remedies against Commissioner Lemmon as to his request for protection, the Motion for Summary Judgment must be granted on this claim.

Finally, although the Plaintiff does not argue that he should be exempted from the requirement that he exhaust his administrative remedies because he was in imminent danger, the

5

Court notes that such an argument would have been unavailing because even imminent danger does not excuse the failure to exhaust administrative "remedies tailored to imminent dangers." *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1175 (7th Cir. 2010). Here, where the Plaintiff waited more than nine months to file this lawsuit, imminent danger would not be a justification for failing to appeal the unfavorable response he received to his informal grievance. As the court in *Fletcher* observed, there was "no reason to think that the prison's grievance procedure would take longer than judicial procedure." *Id*. at 1175.

## CONCLUSION

For the foregoing reasons, the Court:

(1) GRANTS the Motion for Summary Judgment [ECF No. 38] in favor of Commissioner Bruce Lemmon and against the Plaintiff, David Michael Jones, and dismisses the injunctive relief claim seeking to prevent his transfer back to the Indiana State Prison;

(2) DENIES the Motion for Summary Judgment [ECF No. 38] by Sergeant Wardlow regarding the denial of medical treatment at the Indiana State Prison on January 29, 2008, and the days following; and

(3) LIFTS the discovery stay.

SO ORDERED on January 6, 2012.

                                          s/Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT