# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| DAVID MICHAEL JONES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 3:08-CV-545-TLS |
| DOUGLAS WARDLOW, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff David Michael Jones, a prisoner proceeding pro se in this matter, has sued Sergeant Douglas Wardlow in his individual capacity for monetary damages for denying him prompt medical treatment following an attack by other inmates on January 29, 2008. The Plaintiff maintains that the Defendant is liable because he was aware for two days that the Plaintiff was suffering from injuries and did not allow him to be taken to the medical department for treatment. The Defendant, in a Motion for Summary Judgment [ECF No. 95], asserts that the Plaintiff cannot meet the requirements of an Eighth Amendment deliberate indifference claim because his condition was not serious, and the Defendant did not have reason to believe his condition was serious because the only observable injuries were a black eye and minor cuts.

## LEGAL STANDARD

The Federal Rules of Civil Procedure state that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The motion should be granted so long as no rational fact finder could return a verdict in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court's role is not to evaluate the

weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Id.* at 249–50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). According to Rule 56:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, the court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). A material fact must be outcome determinative under the governing law. *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). "Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Id.*

## STATEMENT OF FACTS

In 2008, the Plaintiff was an inmate at the Indiana State Prison in Michigan City, Indiana. On January 29, 2008, the Plaintiff was housed in D-West cell 406. When he was permitted out of

his cell for recreation time, he was attacked by the other two inmates who were also out for recreation. The Plaintiff suffered a black eye and cuts to his face and head. The Plaintiff believes that his nose was broken. At the end of the recreation time, the Plaintiff told the correctional officer on duty that he wanted to go to the hospital. The officer said he would try to have a nurse see the Plaintiff, but no nurse came. The Plaintiff completed a medical request form and wrote a letter to the Prison's Executive Assistant, Howard Morton, that same evening complaining that he had not received medical attention for his injuries. The next day, January 30, the Plaintiff continued to tell any of the prison personnel who walked down the D-West wing that he wanted medical attention. The Defendant, a correctional sergeant, was one of these individuals.[1] The Defendant had not witnessed the altercation, but the Plaintiff told him what had happened. According to the Plaintiff, the Defendant told the Plaintiff that he would be all right, and he would see what he could do about a nurse stopping by. The Defendant also told the Plaintiff to fill out a medical request form, but he had already completed one on the 29th.

On January 31, the Defendant, following a directive from Morton, took the Plaintiff to the medical department even though he thought the Plaintiff's injuries appeared superficial. The nurses who attended to the Plaintiff took pictures of his injuries and applied butterfly bandages to his cuts. The Plaintiff did not receive any treatment for his nose. He maintains that he still has trouble breathing out of one nostril. The Plaintiff's cuts healed easily, but he has some scars. The black eyes went away in "[t]hree or four weeks, couple weeks." (Pl.'s Dep. 46, ECF No. 108-2 at

---

[1] In support of his Motion for Summary Judgment, the Defendant stated that running D-East, not D-West, was his regular duty assignment in 2008. The Plaintiff's designated evidence is sufficient to create an issue of fact whether the Defendant encountered the Plaintiff on the D-West wing on January 30, 2008. The Court assumes, for purposes of summary judgment, that the Plaintiff told the Defendant about his injuries on January 30 and requested to go to the medical department.

3

58.)

## DISCUSSION

A prisoner may pursue an action under 42 U.S.C. § 1983 against a person who violates the prisoner's Eighth Amendment rights while acting under the color of state law. *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). A prisoner has right to adequate medical care, and the Eighth Amendment test focuses on whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

To succeed on an Eighth Amendment cruel and unusual punishment claim for deliberate indifference to medical needs, a plaintiff must "show (1) that he suffered from an objectively serious medical condition; and (2) that the individual defendant was deliberately indifferent to that condition." *Berry*, 604 F.3d at 440. For the objective element, a court considers whether a medical condition is serious. *Id.* A medical condition is serious if it "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). With the subjective element, a court considers what a defendant knows about a plaintiff's condition "and whether the course of treatment was so far afield as to allow a jury to infer deliberate indifference." *Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008); *see also Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) ("[A]n official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." (quotation marks and citations omitted)). Conduct is deliberately indifferent "when the official has acted in an intentional or criminally reckless manner, i.e., the

4

defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks and citations omitted). "Deliberate indifference requires a showing of more than mere or gross negligence, but less than purposeful infliction of harm." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).

**A.     Serious Medical Need**

Photographs taken of the Plaintiff two days after he was attacked show that he had observable injuries of a black eye and a cut running the length of his nose. There were two or three smaller lacerations on his head. The Plaintiff takes issue with the Defendant's statement that the Plaintiff's injuries appeared to be superficial on grounds that the Defendant is not a medical professional, and thus was not trained or qualified to determine the seriousness of the injuries, especially upon just looking at him. The Plaintiff maintains that he could have had a concussion or other internal injuries that were not observable to the Defendant. But this misses the point; his injuries were not so obviously serious that "even a lay person" would easily recognize the need for medical attention. Nor has the Plaintiff presented any evidence that he was actually displaying signs and symptoms of a concussion or internal injuries, or that he indeed suffered from such injuries. Failing to call a doctor when a prisoner suffers minor scrapes and bruises does not constitute deliberate indifference. *See Zentmyer v. Kendall Cnty., Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). If the official is aware only of minor symptoms, such as swelling or a cut lip, the plaintiff is not entitled to relief. *See, e.g.*, *Boyce v. Moore*, 314 F.3d 884, 890 (7th Cir. 2002) (plaintiff's eyes appeared to be swollen).

5

However, "deliberate indifference to prolonged, unnecessary pain can itself be the basis for an Eighth Amendment claim." *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). "[T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (citations omitted). "Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference." *Smith*, 666 F.3d at 1040 (plaintiff stated a claim of deliberate indifference at pleading stage when he alleged that attack caused bleeding, vomiting, sustained retinal or corneal damage, and dizziness and severe pain for five days as guards merely looked on); *see also Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007) (plaintiff stated a claim of deliberate indifference at pleading stage when his complaint described injury as a dislocated and fractured finger bone sticking through the skin, which had to be surgically reset).

Here, the Plaintiff does not present any reliable medical evidence from which a reasonable jury could infer that he was suffering severe pain as he waited to receive medical care for his black eye and cuts to the nose and head. *See Williams v. Leifer*, 491 F.3d 710, 715 (7th Cir. 2007) (stating that a plaintiff "must offer medical evidence that tends to confirm or corroborate a claim that delay was detrimental"). The only evidence in the record related to these injuries is that the nurses who attended to the Plaintiff two days after he was attacked put butterfly bandages on certain of the cuts, and that the cuts healed easily and without complication, but that scars developed. This bare recitation of treatment does not suggest that the "delay exacerbated the plaintiff's condition or otherwise harmed him." *See Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (quoting *Williams*, 491 F.3d at 715). The record

6

does not even include any evidence that the Plaintiff requested or was prescribed medication to alleviate pain, which certainly belies any claim that he was experiencing severe pain while he waited for treatment.

One allegation that suggests the medical condition may have been more serious is the Plaintiff complaint that his nose was broken and he now has trouble breathing out of his nose as a result of the injuries. A delay in the treatment of a broken nose could cause the type of "needless suffering" that supports a deliberate indifference claim. *Grieveson*, 538 F.3d at 779. Here, however, the Plaintiff has not presented any verifying medical evidence that his nose was broken. This case stands in stark contrast to *Grieveson*, where the plaintiff informed jailers that his nose was broken and bleeding down his throat:

> Grieveson supplied medical records indicating that he had a nasal fracture, that he could experience further bleeding, and that he may need to see a specialist. Grieveson later underwent painful nose surgery. The evidence Grieveson provided would certainly help a jury determine whether the delay unnecessarily prolonged and exacerbated Grieveson's pain and thus qualifies as verifying medical evidence that supports a genuine issue of material fact regarding the seriousness of Grieveson's medical condition.

*Id.* (quotation marks and citation omitted). Here, the Plaintiff was not visibly bleeding and did not report any bleeding in his throat. He did not receive x-rays of his nose and his injuries did not require surgery or other treatment. Although the Plaintiff has complained about his ability to breathe, no medical professional has found the condition sufficiently aggravated to address. The only treatment the Plaintiff received for the injuries he suffered on January 29 was obtained during his visit to the prison's medical department on January 31.

In response to the Defendant's Motion for Summary Judgment, the Plaintiff makes a first-time allegation in his Affidavit that two of the long term effects he suffers as a result of his

7

injuries are headaches and blurred vision. (Decl. of David Michael Jones ¶ 4, ECF No. 108-5.) The Plaintiff did not make any mention of blurred vision or headaches during his deposition testimony, despite being asked to describe all of the physical injuries, symptoms, and effects of the attack. (Pl.'s Dep. 44–46, ECF No. 108-2 at 56–58.) The Plaintiff explicitly testified that he did not have any long-term problems from the black eyes. (*Id.* 46, ECF No. 108-2 at 58.) Affidavit testimony is not admissible to create a genuine issue of material fact if it contradicts earlier deposition testimony. *EEOC v. Yellow Freight Sys., Inc.*, 253 F.3d 943, 952 (7th Cir. 2001) (excluding affidavit testimony as contradictory to deposition testimony). "As a general rule, the law of this circuit does not permit a party to create an issue of fact by submitting an affidavit whose conclusions contradict prior deposition . . . testimony." *Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 292 (7th Cir. 1996); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 759 (7th Cir. 2006); *Patton v. MFS/Sun Life Fin. Distribs., Inc.*, 480 F.3d 478, 488 (7th Cir. 2007) ("When a witness abandons her testimony in the face of a pending summary judgment motion, the change is often a transparent ruse designed to prolong the case; allowing the ruse to succeed would defeat summary judgment's purpose of weeding out clearly unmeritorious cases."). Therefore, the affidavit testimony should be disregarded "unless it is demonstrable that the statement in the deposition was mistaken." *Pourghoraishi*, 449 F.3d at 759 (quoting *Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527, 532–33 (7th Cir. 1999)); *see also Beckel v. Wal-Mart Assocs. Inc.*, 301 F.3d 621, 623 (7th Cir. 2002) (holding that when an affidavit contradicts the affiant's deposition it is "entitled to zero weight in summary judgment proceedings unless the affiant gives a plausible explanation for the discrepancy"). The Seventh Circuit has identified a number of scenarios that could plausibly explain a change in testimony, such as a confusing

deposition question, circumstances indicating a lapse of memory, relevant new information discovered, or ambiguous or incomplete earlier testimony. *Patton*, 480 F.3d at 488. None of these scenarios exist in this case, and the Plaintiff's change in his testimony does not create a triable issue of fact. *See id.* (explaining that a court must determine whether a change in testimony is "plainly incredible or merely creates a credibility issue for the jury"). Even if the Plaintiff's statements regarding his headaches and blurred vision were admissible, there is no evidence from which a jury could find that it was the delay in receiving medical attention, as opposed to the underlying injury, that exacerbated the condition or otherwise harmed him.

The Plaintiff has not presented evidence from which a reasonable jury could conclude that he suffered from an objectively serious medical condition.

**B.    Deliberate Indifference**

Under the subjective element of a deliberate indifference claim, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering").

There is no evidence in this record from which a jury could infer that the Defendant recklessly or intentionally disregarded a known serious risk to the Plaintiff's health. The Plaintiff

9

conflates the Defendant's knowing and intentional act of denying his request for medical care with an intentional disregard for his welfare. *See* Pl.'s ECF No. 108-1 at 25–26 (arguing that "Defendant Wardlow did act with a culpable state of mind and did consciously disregard plaintiff[']s request several times from 1-30-08 to 1-31-08 untill [sic] finally Morton told Wardlow to go check on Jones, even then Wardlow did not want to consciously take Jones to the hospital" as proven by his admission that he only took him to the hospital to conform with Morton's orders). The Plaintiff's argument misunderstands the subjective element. Deliberate indifference is "something approaching a total unconcern for [a prisoner's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citations omitted). This total disregard for a prisoner's safety is "the functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). The evidence, rather than proving the requisite culpable state of mind with respect to the Plaintiff's welfare, tends to show that the Defendant did not actually believe that the failure to provide immediate medical care would cause the Plaintiff to face a risk of serious harm to his health. Instead, he believed that the Plaintiff's injuries were superficial, and that the Plaintiff would be fine to wait for a nurse or a response to his medical request form.

Because no reasonable jury could conclude that the Defendant knew, or recklessly disregarded knowing that, by delaying treatment for the Plaintiff's cuts and bruising, he would experience severe pain or exacerbate his physical condition, the Defendant is entitled to judgment as a matter of law on the claim that he inflicted cruel and unusual punishment.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's Motion for Summary Judgment [ECF No. 95]. The Clerk will enter judgment in favor of Defendant Douglas Wardlow and against the Plaintiff.

SO ORDERED on December 17, 2013.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT
                                                FORT WAYNE DIVISION